WILLIAM PERRY *versus* INHABITANTS OF KENNEBUNKPORT.

The word "plaintiff" as used in R. S., c. 82, § 107, means the plaintiff of record.

Where the indorsee of two negotiable promissory notes made payable to different payees, causes each of the notes to be sued, at the same term, in the name of its respective payee, the plaintiff of record will be entitled to costs in each suit.

ON EXCEPTIONS.

In 1864, one Lord bought two negotiable promissory notes, given by the defendants, one payable to one Wakefield, or order, and the other to the plaintiff, or order, both of which were duly indorsed by their respective payees. In March, 1865, Lord caused the notes to be sued in the names of the payees and subsequently indorsed in the writs as assignee. The suit upon the note payable to Wakefield was prosecuted to final judgment, full costs taxed and the judgment satisfied.

This action went to the Law Court on exceptions by the defendants after verdict. At the May term, 1868, the exceptions were withdrawn and judgment was rendered upon the verdict. Thereupon the defendants contended that, by virtue of R. S., c. 82, § 107, no costs should be allowed in this case, because both actions might have been joined in one. The presiding Judge ruled, as matter of law, that

costs be allowed to the plaintiff, and the defendant alleged exceptions.

*S. W. Luques,* for the defendants.

*E. B. Smith,* for the plaintiff.

KENT, J. — The plaintiff on record is the prevailing party and, therefore, entitled to costs, unless there is some statute provision which takes away this right. Costs are regulated by statute. The defendants claim that the general rule is not applicable to this case, and refer to c. 82, § 107, R. S., which provides that " when a plaintiff brings divers actions at the same term of a court, against the same party, which might have been joined in one, or brings more than one suit on a joint and several contract, he shall recover costs in only one of them, unless the Court certifies that there was good cause for commencing them."

It is not pretended that this plaintiff on record did bring two actions at the same term, but it is stated, in the case, that D. W. Lord was the actual owner of this note sued and of another similar to it, payable to another party, and that they were both payable to order and indorsed in blank by the respective payees, and that an action on each was commenced in the name of the payee at the same term, and that judgment for debt and costs in one of them has been rendered and been satisfied. The argument is, that as Mr. Lord might have brought one action, as indorsee, on both notes, that he must be regarded as the " plaintiff" named in the statute, and therefore but one bill of cost can be allowed in the two suits. That, as Mr. Lord might have been the plaintiff of record in another suit, he must be held to be such in this, or at least be regarded as the " plaintiff in both these suits."

The whole question turns upon the point, whether the " plaintiff" named in the statute is the plaintiff on the record, or whether we can go beyond the record and regard an assignee or indorsee, or actual owner, as the " plaintiff" named.

On examination of the statutes, it will be found that the Legislature has constantly made a distinction between the plaintiff, who is the party in whose name the action is brought, and the party in interest, as assignee, or, as he is sometimes spoken of, as the plaintiff in interest. The "plaintiff," when spoken of simply without qualification or limitation, is the person who has "presented himself on the docket of the Court, and is the one subject to costs if such there should be." *Moore* v. *Maine*, 29 Maine, 560.

The distinction between the plaintiff on record, and the real party in interest, is to be found in many places in our statutes. Thus, § 102, of this chapter 82, provides for the case of an action in the name of the State, for the benefit of an individual, and provides that he shall indorse the writ, and, if the defendant prevails, judgment shall go against such person, as if he were plaintiff. Not saying that he is plaintiff.

It was always held, until the statute was changed, that costs can only be awarded against the party who does not prevail, and, " by the uniform practice of our courts, this is the adverse party on record." *Freeman* v. *Crane*, 13 Maine, 260.

So in *Skillings* v. *Boyd*, 10 Maine, 43, it was held, where the statute required that the writ should be indorsed " by the plaintiff, or his agent or attorney,"— that it meant the plaintiff of record, — and not an assignee or party in interest, and that the indorser who indorsed the writ as attorney of the plaintiff in interest, and not of the plaintiff on record, was not holden.

And the Court has always, whilst protecting the equitable rights of assignees, or actual owners, held that, without a statute provision, no judgment can ever be rendered against them. 29 Maine, 560, — before cited.

These decisions led to the enactment contained in § 105, of c. 82, that the defendant may require an assignee to indorse the writ, and, if the defendant prevails, judgment for his costs shall be rendered against the plaintiff and such

assignee. Thus clearly distinguishing between the plaintiff of record and his assignee. It also shows that without a statute provision the assignee cannot be regarded as a party. We are not insensible to the force of the argument on the part of the defendants, — that this case is within the mischief intended to be guarded against. But we cannot give to the language used a forced or extended meaning. It is for the Legislature, if it sees fit, to furnish a remedy for a case like this. We think it would be unsafe and lead to many new questions and invoke new constructions if we should depart from the rule, that where a statute names a " plaintiff," as the party to be affected by its provisions, and uses no word of qualification, it must be construed to mean the plaintiff of record.

*Exceptions overruled.—Judgment for plaintiff with costs.*

WALTON, DICKERSON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.